Brian P. Funk
CSB #110462
964 Fifth Avenue, Ste. 214
San Diego, CA 92101
Tel: (619) 233-4076
Email: bfunklaw@cs.com
Attorney for Defendant, Eduardo Arellano-Felix

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(The Honorable Larry Alan Burns)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>EDUARDO ARELLANO-FELIX (2),<br><br>   Defendant. | ) CASE NO.  3:97-cr-02520-LAB-2<br>)  **AMENDED**<br>) **DECLARATION OF COUNSEL IN**<br>) **SUPPORT OF MOTION BY  DEFENDANT,**<br>) **EDUARDO ARELLANO-FELIX, TO**<br>) **CONTINUE MOTION / TRIAL SETTING**<br>) **HEARING**<br>)<br>)<br>)<br>)<br>) |

I, Brian P. Funk, declare:

1. Based on my communication with counsel for the government, Joseph Green, and the

    Defendant, it appears very unlikely that this case will resolve without a trial.  I am in

    the process of drafting the following Motions:

    i.      Motion to grant immunity [except for perjury] to a Material Witness.

    ii.     Motion for Change of Venue.

    iii.    Motion of Recusal.

    iv.    Motion to take a Foreign Deposition.

    v.     Motion to compel discovery of plea agreements, addendums, cooperation

            agreements, promises of immunity from prosecution for testimony, 404b

            evidence, wiretaps, classified information, etc.

    vi.  Motion to admit foreign testimony of witnesses.

    vii.  Motion to exclude evidence on ground it will require the disclosure of classified information.

    viii.  Motion to strike "Ramon" from all pleadings and documents referencing defendant Eduardo Arellano-Felix.

2. It has been approximately two months (thirty-eight business days) since I received the Bill of Particulars from the United States Attorney's Office ("USAO").  The Bill of Particulars (and accompanying cover letter) states that the USAO intends "to offer evidence of the general structure of the AFO."  (*Id*. at page 2).  They intend to call the following eight witnesses to describe the organizational hierarchy and my client's role therein:

  (i)  Javier Arellano-Felix ("JAF")
  (ii)  Jesus Labra Aviles ("JLA")
  (iii)  Ismael Higuera-Guerrero ("IHG")
  (iv)  Gilberto Higuera-Guerrero ("GHG")
  (v)  Efrain Perez ("EP")
  (vi)  Jorge Arellano-Felix ("JAuF")
  (vii)  Gabriel Martinez-Ramirez ("GMR")
  (viii)  Ramiro Ramirez ("RR").  *Id*.

The USAO alleges that my client was a "trusted advisor" to Benjamin Arellano-Felix, "the recognized leader of the organization."  *Id*.  All "major enterprise decisions" supposedly required my client's consent.  *Id*.  Additionally, my client allegedly "orchestrated an extensive network of money laundering" and "purchased and supplied the AFO with firearms."  *Id*.

  In my previously filed motion for discovery, I requested a "list of all witnesses the government intends to call during its case-in-chief, ***including*** telephone numbers of the witnesses ***and*** their present whereabouts."  (CM/ECF Document # 617, p. 2: lines 27-28).  As of today's date, I have not received any information as to the whereabouts of the above-named witnesses.  Under the Sixth Amendment's "Compulsory Process" Clause and the Fifth

Amendment's "Due Process" Clause, my client has a right to access evidence. This includes material witnesses. Based on my discussions to date with at least one material witness in this case, I am informed and I believe that the above-named witnesses possess evidence which is material and favorable to my client's case. In order to properly conduct discovery and prepare motions, I need to access these witnesses.

       3.     In my previously filed discovery motion, I also requested:

> …all statements made by… any Witness, including the original of the alleged witness statements, all notes and rough notes whether oral, written or recorded, which are in the possession, custody or control of the government or which, by the exercise of due diligence, may become available to the government which have not already been produced by the government (pursuant to) Rule 16(a)(1)(A). (CM/ECF Document # 617, p. 3: lines 11-17).

As of today's date, I have not yet received copies of plea agreements ***and addendums***   [Except for Benjamin Arellano-Felix which I got from the Clerk's office] for the defendants (and witnesses) in this case. I believe these plea agreements contain admissions by the respective defendants (and witnesses) which are material to my client's case.

      Additionally, I have come to learn that many of the above-named witnesses were charged in criminal cases filed in Mexico. According to one witness I have interviewed, many of the above-named defendants provided sworn testimony rebutting the organizational structure described in the Bill of Particulars. I need additional time to travel to Mexico in order to locate and review these files with my client in order to adequately prepare motions in this case.

4.     I plan on submitting a motion to recuse this Honorable Court from presiding over this case based on multiple grounds. Besides its prior employment with the USAO during the investigation of my client's case (on which ground recusal has already been denied as to defendant, Javier Arellano-Felix), I am concerned that this Honorable Court has received

information prejudicial to my client having presided over several Rule 11 plea colloquies and Sentencing hearings with 5K matters in this matter. I need to review the transcripts of those hearings before I can properly submit a motion for recusal. I am awaiting the transcripts from the two respective court reporters.

5.     I also plan on submitting a motion for a change of venue. See *Sheppard v. Maxwell*, 384 U.S. 333, 349-62 (1966) (due process violation based on press coverage); see also, Rule 21(a) of the Federal Rules of Criminal Procedure. I have not had adequate time to conduct the factual and legal research necessary to prepare this motion. My client by reason of his name, has received negative publicity in this jurisdiction for more than twenty years. This Honorable Court has even commented on the record that "[The Arellano-Felix] name will live in infamy associated with all these terrible things." (from the sentencing hearing for co-defendant, Francisco Javier Arellano-Felix). **Doc. #544) at page 11, line 5].** I need additional time to research, for example, subsequent DOJ and USAO press releases and all media coverage of the AFO.

6.     On October 30, 2012, this Honorable Court ordered that "substantive motions" shall be heard on the date set for the hearing which is the subject of this motion. As of today's date, I have received thousands of pages of discovery, and I have had approximately thirty-eight business days to analyze it. That is simply not enough time. Moreover, there is considerable discovery which I require that I have not yet received. For example:

   (i)     The plea agreements for all defendants (and witnesses) that have provided admissions material to this case
   (ii)    The transcripts of the Rule 11 plea colloquies for those defendants (and witnesses)
   (iii)   All statements by defendants and witnesses that relate to allegations stated in the Bill of Particulars (including statements by any defendant or witness made to Mexican law enforcement or during any Mexican criminal proceedings)
   (iv)    All statements of alleged coconspirators made during and in furtherance of the alleged conspiracy

  (iv) All reports by government agents [including classified materials] generated as a result of the investigation of this case including, but not limited to, crime reports, "tips", arrest reports, search warrants, and affidavits in support of search warrants which relate to any of the allegations made against my client in the Bill of Particulars.  I am specifically requesting all documents and reports concerning this prosecution, including but not limited to all reports generated during this ***and or any other***  investigation, criminal records, and all records of any medical condition of either defendant or witnesses that are relevant to the allegations in the Bill of Particulars.  This request contemplates government agents acting on behalf of the the DEA, FBI, IRS, CIA, NSA,  USAO, Criminal Division of the Office of International Affairs, Organized Crime Drug Enforcement Task Force (OCDETF), and any other agency that has investigated the AFO at any time.

  I am informed and believe, based on my work on the case of Armando Villareal Heredia and 42 others in  RICO  Case No. 10CR3044-WQH, that there are extensive wiretaps  I do not have.  For example, The "CS" in the transcript of a conversation between Fernandito (FSA) and the CS on the date of Eduardo's arrest, October 25, 2008, contained in Eduardo's discovery, pages EAF-00431-00433, is Armando Villareal Heredia aka "Gordo".  I did not believe Gordo Villareal is a CS, but anything is possible.   I also need to look at Arturo Villareal's (aka Nalgon) case.  Arturo was arrested with Javier back in 2006.

It is obvious to me that Fernandito's phone was tapped and there are recordings of these conversations which have not been provided to EAF in this case.

Without accurate and complete information at this stage of the decision-making process, I cannot adequately advise my client and intelligently determine the direction of the case and which motions to file.

7. I recently learned of the existence of classified materials relating to the investigation of the AFO.  I have asked for those materials.  I am in the process of obtaining a  security clearance. I am informed and believe that Defendant's wife "SONYA" was working as a DEA agent after her trip to the USA as well as the wife of Benjamin Arellano-Felix's  "Ruth".  The Government has indicated in its bill of particulars that it will attempt to introduce evidence of the Murder of Sonya and her sister and Mother.   I must have access to all reports from/about her.  I cannot

adequately prepare motions in this case without reviewing the information which, I presume, is material.

8.     A representative of the USAO recently told me "there is no independent physical evidence" [wiretaps, surveillance photos, surveillance reports or phone intercepts] that inculpates my client.  While this statement is consistent with my theory of the case, I cannot determine the direction of the case and which motions to file based on this statement alone.  I am concerned that material evidence has been overlooked by the USAO.

I was just given a disc with new discovery that indicates text messages between defendant and a CS. [with no ID of the CS] I was NOT given the phone, or any supporting evidence regarding the text messages.

With additional time to work out discovery issues, the defense and the USAO can gain a better understanding of the nature of the evidence sought and how best to acquire it.

9.     Many of the witnesses in this case reside in Mexico.  Pursuant to Rule 15 of the Federal Rules of Criminal Procedure, I plan to take to conduct several foreign depositions (e.g. Francisco Rafael Arellano-Felix) who refuses to come the USA based on fear of arrest.  I expect these depositions will lead to the discovery of additional evidence material to the filing of pretrial motions in this case.  While these type of depositions take considerable time to coordinate, I believe there are "exceptional circumstances" that warrant them "in the interest of justice."  See FRCrP, Rule 15.

10.     I am in the process of pulling and printing out the specific pages of discovery that was cited as part of the Bill of Particulars. This will take at least another week to 10 days to accomplish and then 30 days to read and digest.

11.     Defendant informs me that while in Mexico, he was shown papers regarding his Extradition that confirmed he could NOT be given a sentence in excess of 25 years. My investigator is reviewing the Spanish Documents to confirm this. I will also demand by way of discovery a statement from the Government if that is true.

12.     After my meeting with a Material Witness, I am informed and believe that the process of the Defendants Extradition was flawed- (to wit) the package for Ramon Arellano-Felix was just cut and pasted and Eduardo's name slapped on it. I am in the process of investigation of that issue. If it was a violation of the Treaty, it will be an issue.

13.     I am working on a motion for a grant of witness immunity [except for perjury].  My interview with a Material Witness indicates that he has critical information to refute the Governments claims. HOWEVER he will not testify without a Grant of immunity as the testimony will expose him to prosecution of matters outside the scope of his plea agreement. The testimony subject matter is identical to that of the Government's witnesses.  Those witnesses will be testifying without fear of further prosecution.  In order to not distort the fact finding process, similar immunity must be granted.   A detailed motion and declarations are being prepared.

14.     In light of the foregoing, I am respectfully requesting to continue the motion / trial setting hearing **for 3 months.**

I declare under penalty of perjury that the foregoing is true and correct.

DATE: 1/31/13              Signed: /s/Brian P Funk
                                         Brian P. Funk
                                         Attorney for Eduardo Arellano-Felix
                                         bfunklaw@cs.com