# UNITED STATES DISTRICT COURT

13 AUG 22 AM II: 10

## SOUTHERN DISTRICT OF CALIFORNIA

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | (For Offenses Committed On or After November 1, 19_) |
| EDUARDO ARELLANO-FELIX (2) | Case Number: 97CR2520-LAB |
| | BRIAN P. FUNK |
| | Defendant's Attorney |

**REGISTRATION NO.** 04117748

☐

**THE DEFENDANT:**

☒ pleaded guilty to count(s) ONE AND TWO OF THE SUPERSEDING INFORMATION

☐ was found guilty on count(s)_____

after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 18 USC 371 | CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS | 1 |
| 21 USC 854(a) and 846 | CONSPIRACY TO USE AND INVEST ILLICIT DRUG PROFITS | 2 |

The defendant is sentenced as provided in pages 2 through ____4____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)_____

☒ Count(s) REMAINING _____ is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $100.00 PER COUNT, TOTAL $200.00

☒ No fine          ☒ Forfeiture pursuant to order filed ____8/20/2013____ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

AUGUST 19, 2013
Date of Imposition of Sentence

HON. LARRY ALAN BURNS
UNITED STATES DISTRICT JUDGE

97CR2520-LAB

DEFENDANT: EDUARDO ARELLANO-FELIX (2)
CASE NUMBER: 97CR2520-LAB

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of

COUNT 1: 5 YEARS
COUNT 2: 10 YEARS
ALL COUNT TO RUN CONSECUTIVELY FOR A TOTAL OF 15 YEARS

☐ Sentence imposed pursuant to Title 8 USC Section 1326(b).

☒ The court makes the following recommendations to the Bureau of Prisons:

PLACEMENT IN FLORIDA

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before _____

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

97CR2520-LAB

DEFENDANT: EDUARDO ARELLANO-FELIX (2)
CASE NUMBER: **97CR2520-LAB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

3 YEARS EACH COUNT TO RUN CONCURRENTLY

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __4__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant must comply with the standard conditions that have been adopted by this court. The defendant shall also comply with any special conditions imposed.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**97CR2520-LAB**

DEFENDANT: EDUARDO ARELLANO-FELIX (2)
CASE NUMBER: **97CR2520-LAB**

# SPECIAL CONDITIONS OF SUPERVISION

☐ Submit person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

☐ If deported, excluded, or allowed to voluntarily return to country of origin, not reenter the United States illegally and report to the probation officer within   24   hours of any reentry to the United States; supervision waived upon deportation, exclusion or voluntary departure.

☐ Not transport, harbor, or assist undocumented aliens.

☐ Not associate with undocumented aliens or alien smugglers.

☒ Not reenter the United States illegally.

☐ Not enter the Republic of Mexico without written permission of the Court or probation officer.

☐ Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

☐ Not possess any narcotic drug or controlled substance without a lawful medical prescription.

☐ Not associate with known users of, smugglers of, or dealers in narcotics, controlled substances, or dangerous drugs in any form.

☐ Participate in a program of mental health treatment as directed by the probation officer, take all medications as prescribed by a psychiatrist/physician, and not discontinue any medication without permission. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

☐ Take no medication containing a controlled substance without valid medical prescription, and provide proof of prescription to the probation officer, if directed.

☐ Provide complete disclosure of personal and business financial records to the probation officer as requested.

☐ Be prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit without approval of the probation officer.

☐ Seek and maintain full time employment and/or schooling or a combination of both.

☐ Resolve all outstanding warrants within            days.

☐ Complete        hours of community service in a program approved by the probation officer within

☐ Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of

☐ Participate in a program of drug or alcohol abuse treatment, including urinalysis or sweat patch testing and counseling, as directed by the probation officer. Allow for reciprocal release of information between the probation officer and the treatment provider. May be required to contribute to the costs of services rendered in an amount to be determined by the probation officer, based on the defendant's ability to pay.

97CR2520-LAB

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          Case No.  97cr2520-LAB

11              Plaintiff,              ORDER OF CRIMINAL
                                        FORFEITURE
12   v.

13   EDUARDO ARELLANO-FELIX,

14

15

16              Defendant.

17

18        WHEREAS, in the Superseding Information in the above-captioned case, the

19   United States sought forfeiture of all right, title and interest in specific properties of

20   the above-named Defendant, EDUARDO ARELLANO-FELIX ("Defendant"),

21   pursuant to Title 21, United States Code, Section 853(a)(1), as property obtained

22   directly or indirectly as the result of the commission of the violations charged in the

23   Superseding Information; and

24        WHEREAS, on or about May 24, 2013, Defendant pled guilty to Counts 1 and

25   2 of the Superseding Information, which plea included a consent to the forfeiture

26   allegations of the Indictment and an agreement to entry of a $50,000,000 judgment

27   against the Defendant in favor of the United States; and

28   //

1    WHEREAS, by virtue of the admissions of the Defendant set out in the plea

2 agreement and guilty plea, the Court determined that $50,000,000 (U.S. dollars)

3 represents the proceeds the Defendant obtained directly or indirectly as a result of the

4 violation of Title 21, United States Code, Sections 841(a)(1), 846, 952(a), 960 and

5 963 as charged in the Superseding Information; and

6    WHEREAS,  by virtue of said guilty plea and the Court's findings, the

7 United States is now entitled to an Order of Forfeiture and a judgment in its favor

8 against the Defendant in the amount of $50,000,000, pursuant to  21 U.S.C. § 853

9 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

10    WHEREAS, Rule 32.2(c)(1) provides that "no ancillary proceeding is required

11 to the extent that the forfeiture consists of a money judgment;" and

12    WHEREAS, by virtue of the facts set forth in the plea agreement, the

13 United States has established the requisite nexus between the $50,000,000 judgment

14 and the offense; and

15    WHEREAS, the United States, having submitted the Order herein to the

16 Defendant through his attorney of record, to review, and no objections having been

17 received;

18    Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

19    1.    Defendant EDUARDO ARELLANO-FELIX shall forfeit to the

20 United States the sum of $50,000,000 pursuant to Title 21, United States Code,

21 Section 853(a)(1); and

22    2.    Judgment shall be entered in favor of the United States against

23 Defendant EDUARDO ARELLANO-FELIX in the amount of $50,000,000.00, with

24 interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C.

25 § 1961; and

26    3.    This Court shall retain jurisdiction in the case for the purpose of

27 enforcing the order of forfeiture and collecting and enforcing the judgment; and

28 //

4.     Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

5.     The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $50,000,000 to satisfy the money judgment in whole or in part; and

6.     The United States may take any and all actions available to it to collect and enforce the judgment.

DATED: 8/20/2013

_Larry A. Burns_
Hon. LARRY ALAN BURNS
United States District Judge